Dudas *v.* Ward Baking Co.

---

JULIA DUDAS *vs.* THE WARD BAKING COMPANY.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

A verdict should not be set aside where reasonable men might reasonably differ as to the conclusion to be drawn from the evidence.

The action of the trial court in setting aside a verdict involves the exercise of a legal discretion and will not be disturbed by this court on appeal unless it appears, after giving great weight to the trial court's decision and indulging every reasonable presumption in favor of its correctness, that such discretion was unreasonably exercised.

The mere fact that there was a conflict in the testimony does not prevent the setting aside of a verdict.

The evidence in the present case reviewed and *held* to justify the action of the trial court in setting aside the verdict for the plaintiff.

Argued April 21st—decided May 29th, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negli-

gence, brought to the Superior Court in Fairfield County and tried to the jury before *Nickerson, J.;* verdict for the plaintiff which the trial court, upon motion of the defendant, set aside as against the evidence, and from this decision the plaintiff appealed. *No error.*

*Samuel Reich,* with whom was *Philip Reich,* for the appellant (plaintiff).

*Jackson Palmer,* with whom was *Daniel E. Ryan,* and, on the brief, *C. Milton Fessenden* and *Matthew H. Kenealy,* for the appellee (defendant).

PER CURIAM. The case turned upon whether the collision occurred, as claimed by the plaintiff, as the driver of defendant's automobile, without warning, suddenly moved from the northerly portion to the southerly portion of the highway and cut across the traveled way directly in the course of plaintiff's automobile approaching from the west, or, as defendant claimed, as its car stood near to, and parallel with, the south curb of the highway, or partially upon the sidewalk. The plaintiff's three witnesses were interested witnesses and discredited by statements made by them prior to the trial—as to two of the witnesses in writing, and as to the third orally, contradictory of their testimony upon the trial as to the location of defendant's car at the time of the collision and corroborative of defendant's claim of the location of its car at the time of the collision. It is significant that the plaintiff's complaint alleged that the collision occurred as defendant's car, which had been parked on the south or wrong side of the highway, suddenly moved to the north side of the highway directly in the path of plaintiff's car, thus corresponding in part with defendant's claim, but that an amendment of the complaint made just preceding the trial alleges that the collision oc-

curred in the location and manner testified to upon the trial by plaintiff and her two witnesses. Four of the defendant's witnesses were disinterested, and so far as the record indicates, credible, and they directly contradict plaintiff and her witnesses upon the vitally material point as to the location and manner of the collision. Two policemen testified that the plaintiff's husband, in her presence, at the police station just after the accident, and in the presence of the other witnesses for the plaintiff, said defendant's car was standing still on the south side of the highway. The only eyewitness of the collision so testified. There were no brake marks upon the highway, such as would have been likely to have been made had defendant's car been crossing the highway at the time of the collision. The injury to defendant's car was negligible, which was unlikely had plaintiff's car, at the speed plaintiff testified it was traveling, struck defendant's car as it was crossing the traveled way. There was a conflict in the testimony, but that does not prevent the setting aside of a verdict by the trial court when, in the exercise of a legal discretion, it is of the opinion the jury could not reasonably have reached its verdict.

Where reasonable men might reasonably differ in the conclusion to be drawn from the evidence, the trial court cannot set aside the verdict, else its exercise of discretion must be held unreasonable. We review the action of the trial court in setting aside a verdict in order to determine from the evidence whether the court has exercised its discretion unreasonably, or, as it is otherwise expressed, has abused its discretion. In determining this, we follow our unquestioned rule, that "great weight is due to the action of the trial court, and every reasonable presumption should be given in favor of its correctness." The case was peculiarly one for the exercise of the court's discretion. Reviewing

Ford Co. *v.* Dudley.

the evidence in this case, we hold that the trial court exercised its discretion reasonably and wisely.

There is no error.

From this opinion MALTBIE, J., dissents.