LYDIA B. HALL *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY OF AMERICA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 5th—decided May 10th, 1932.

*John T. Dwyer,* with whom was *Robert M. Wolfe, Jr.,* for the appellant (defendant).

*Leslie N. Davis,* for the appellee (plaintiff).

PER CURIAM. The only ground of appeal presented in this case is the refusal of the trial court to set aside the verdict in favor of the plaintiff. The evidence was conflicting, but from it the jury might reasonably have concluded that the plaintiff, at about four-thirty in the afternoon of October 22d, 1930, went into the defendant's retail grocery store at Norwalk for the purpose of purchasing groceries, and that as she was walking up to the counter, and in the exercise of reasonable care, she stepped on an accumulation of oil on the floor, and was thereby caused to slip and fall, and received injuries; that the oil had been placed on the floor by the defendant, and had existed thereon for such a period

(698)

of time that the defendant, or its employees, knew, or, by the exercise of reasonable care, should have known of its existence; and that a dangerous condition was created thereby. If the jury found these to be the facts, it was justified in concluding that the defendant failed in its duty of exercising reasonable care to have such part of its premises as was open to the use of its customers reasonably safe. *Greenley* v. *Miller's, Incorporated,* 111 Conn. 584, 588, 150 Atl. 500; *Geoghegan* v. *Fox & Co., Inc.,* 104 Conn. 129, 135, 132 Atl. 408; *Ward* v. *Avery,* 113 Conn. 394, 396, 155 Atl. 502.

There is no error.