CHARLES MASI *vs.* GENERAL ICE CREAM CORPORATION.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 5th—decided July 12th, 1935.

*Walter E. Monagan,* for the appellant (defendant).

*Frederic W. Dauch,* for the appellee (plaintiff).

HAINES, J. The jury could reasonably have found from the evidence that on September 28th, 1932, the defendant, a manufacturer of ice cream, owned and occupied a building in Waterbury which contained two floors and a basement, the latter below and the first floor slightly above the street level; within the building an elevator shaft extended from the upper floor to the basement; at the first floor level a platform extended from the front of the building, and access to the elevator from this platform was furnished by a gate which opened into the shaft; this was an electrically operated, slow freight elevator with a capacity of about a ton; it was not equipped with lights or bells; the shaft, elevator, gate, platform and all approaches were maintained and controlled by the defendant owner; the gate was of narrow, vertical wooden slats seven ·inches apart with horizontal wooden cross-pieces, forming three sections; about fifteen years prior to September, 1932, one of the slats in the upper section of the gate was broken and removed creating an opening about fourteen by eighteen inches in size and about the level of a man's shoulders, with nothing in any way to warn against or interfere with the free passage of objects through it; though at all times aware of this situation, the defendant took no steps to repair the gate or to warn of danger.

Ice was manufactured in the basement by the defendant for its own use, and any surplus not needed in its business was contracted for by a trucking company, which was allowed to deliver it to its own customers from the platform where it was temporarily stored in a space provided by the defendant for that purpose; subject to the defendant's own right to control and use the elevator, the trucking company was allowed to use it to bring the surplus ice from the base-

ment to the platform. When a customer of the trucking company came to the platform for ice and no one was there to serve him it was necessary to call to someone in the basement, and the only way he could be heard by the latter was by putting his head into the opening in the gate and shouting down the shaft; this practice had obtained for a long time with the knowledge of the defendant, its servants and agents. The plaintiff was a customer of the trucking company and had obtained ice at the platform almost daily for more than three months and on many occasions, and often in the presence of the servants and agents of the defendant, had adopted this method of calling down to the basement and many times had been present when they and other persons did so; about a quarter of seven on the morning in question the plaintiff drove his truck to the platform to obtain ice; stepped out onto and walked slowly across the platform, but found no one; first shouting from the platform and getting no response, he looked into the shaft but did not see where the elevator was, there being no signal or other system to show when it was moving, and the shaft was dark. He put his head into the opening to see where the elevator was, "to holler for my ice" down the shaft to the basement and was immediately struck violently by the descending elevator and seriously injured. Just before the plaintiff arrived at the platform an agent of the defendant was using the elevator to convey ice from the basement to the upper floor for the defendant's use, after which an agent of the trucking company was to use it to bring ice from the basement to the platform to serve its customers. Both men had gone up with the elevator where they had together unloaded ice for the defendant, and the plaintiff was injured when it was being returned to the basement for use by the trucking company.

It is assigned as error that the court denied the defendant's motion to set aside the verdict as against the law and the evidence. The sole ground relied upon in the appellant's brief is that the evidence shows the plaintiff was guilty of contributory negligence. No claim is made that the jury were not correctly instructed upon the law of contributory negligence and they decided the plaintiff was not chargeable therewith. In this they were sustained by the trial court in refusing to disturb their conclusion. The discretion thus exercised by the court will not be reviewed unless it clearly appears that it has been abused or is illegal. *Monczport* v. *Csongradi,* 102 Conn. 448, 454, 129 Atl. 41. The obviously greater opportunity of the trial judge than that afforded us by the printed record, to evaluate correctly the statements of witnesses, and other aids enjoyed by him at the time of the trial, entitled his conclusions to great weight in this court. *Schroeder* v. *Hartford,* 104 Conn. 334, 337, 132 Atl. 901; *Genishevsky* v. *Fishbone,* 109 Conn. 58, 62, 145 Atl. 54. The question now presented is whether the evidence though construed in the plaintiff's favor nevertheless shows him guilty of contributory negligence as matter of law, thus depriving the ruling of the trial court of legal sanction.

The defendant had permitted a broken gate to remain unrepaired for many years; no warning was given by sign or otherwise of danger from utilizing the opening in the gate and there was no bell or other signal to warn of the approach of the elevator. It had permitted the use of this opening by anyone, for the purpose of calling to men in the basement and provided no other means for doing so, but had sanctioned if not invited such use by the continued practice of its own employees. The plaintiff was aware of this use by the defendant's employees and others and had fre-

quently availed himself of it with at least the implied sanction of the defendant. He took the precaution of looking for the elevator before putting his head in the opening, but could not see it. He was still looking for it when struck. Reasoning minds might reasonably differ upon all the evidence, as to whether the plaintiff was guilty of contributory negligence under the circumstances, and therefore the action of the trial judge in sustaining the conclusion of the jury upon this feature of the case must stand. *Canfield* v. *Sheketoff*, 104 Conn. 28, 30, 132 Atl. 401; *Skaling* v. *Sheedy*, 101 Conn. 545, 548, 126 Atl. 721; *Annunziato* v. *Gu-Ta, Inc.,* 120 Conn. 114, 179 Atl. 651.

Errors are assigned in three quoted paragraphs of the charge. None of these assignments comply in form or substance with the rules of appellate procedure. The first paragraph is merely a statement that the plaintiff claimed certain facts; these are recited and are in complete conformity to the finding as to what the plaintiff claimed to have proved. The second is of much the same character, being simply a statement of what the plaintiff claimed as to the duty of the defendant to safeguard the premises and warn of danger. Similarly, the third recites what the plaintiff claimed to be the duty of the defendant in regard to a screen or warning sign and certain directions as to what facts the jury should consider in that connection. After each of the foregoing portions of the charge the court discussed the claims in some detail, but no error is assigned as to any portion of these comments of the court. None of the quotations presents a question of law.

The only question in relation to the charge which we can consider is that raised by the assignment which states that the court failed to charge "that the measure of damages is just compensation for such injuries as

were suffered." It does not appear of record that the defendant made any requests to charge. Our only concern is whether the charge as given upon the measure of damages was correct in law and adequate for the proper direction of the jury. *Slade* v. *Harris,* 105 Conn. 436, 439, 135 Atl. 570; *Rohde* v. *Nock,* 101 Conn. 439, 442, 126 Atl. 335.

The court told the jury: "You will award just damages for such injuries as have been suffered, not by way of punishment, or by way of sympathy. In actions for personal injuries, the measure of damages includes compensation for pain and suffering, physical and mental, expense of medical or surgical treatment, hospital bills. Only such damages as were caused by negligence found by you." This leaves the appellant no cause for complaint.

At the close of the plaintiff's evidence, the court permitted him to amend his complaint, and this is assigned as error. The record shows that the defendant at once filed answer joining issue on the amendment. An examination of the record shows that this amendment did no more than make the complaint correspond accurately with the facts which the plaintiff—apparently without objection by the defendant—had offered evidence to prove, and it does not appear that the essential issue was changed or that the defendant had been in any way misled or his interests otherwise prejudiced by the allegations of the complaint as filed. "In all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial." Practice Book, § 96. The action of the court in permitting amendments is discretionary and can be reviewed only when the discretion has been abused. *Mazulis* v. *Zeldner,* 116 Conn. 314, 317, 164 Atl. 713; *LaBarre* v. *Waterbury,* 69 Conn. 554, 37 Atl. 1086; *Allen* v. *Chase,* 81 Conn. 474, 71 Atl.

367.   There was nothing improper in the exercise of the discretion of the court in this ruling.

There is no error.

In this opinion the other judges concurred.