ESTHER M. SMITH *vs.* UNION AND NEW HAVEN TRUST COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued April 8th—decided May 14th, 1936.

*H. M. French* and *J. E. McNerney,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellant (defendant).

*Harold C. Donegan* and *Morris W. Mendlesohn,* for the appellee (plaintiff).

AVERY, J. The plaintiff slipped and fell in the corridor on the fourth floor of the defendant's office building. In her complaint, she claimed that her fall and injuries resulting therefrom were caused by the negli-

gence of the defendant (1) in applying oil or wax or some composition to the floor so that it became slippery; (2) in not covering it; (3) in permitting lumps or blotches of wax-like substance to remain thereon; and (4) in failing to inspect. The case was tried to the jury and a verdict returned in favor of the plaintiff, which the defendant moved to set aside. The only error claimed upon this appeal is the refusal of the trial court to set aside the verdict.

Viewing the evidence in the light most favorable to the plaintiff, the jury might have found the facts as follows: The defendant owned a large office building. On October 4th, 1934, at about 10.30 in the morning, the plaintiff entered the building for the purpose of conducting some business with a tenant. She was taken by an elevator to the fourth floor and there alighted. While passing through the vestibule in front of the elevators and about to enter the corridor upon which the tenant's office was located, she slipped and fell. At that point, the floor was made of a cement preparation called terrazzo. It had the appearance of having been more highly polished than usual that morning, and the plaintiff had once seen a polishing brush used upon it. After the plaintiff fell, there was a mark upon the floor estimated by one of the witnesses to be five inches long and by another sixteen inches. A witness assisted her to arise. He looked at the floor but saw nothing upon it. He then knelt to see if he could ascertain what caused her fall and, looking closely, saw two or three lumps of a substance like wax smaller than a dime and about one-quarter of an inch in diameter. These spots had the appearance and odor of wax when he scraped them off with his finger and picked them off the floor. They were not produced in court. He testified that such wax would re-

tain its odor for only a few moments. It was near these spots that the plaintiff slipped.

Assuming that the jury might reasonably infer that the defendant's employees had used wax upon the floor on the morning of the plaintiff's fall, it does not follow that she is entitled to recover. At the time of her injuries, she was upon the defendant's property upon its invitation and it owed to her the duty of exercising reasonable care to have its premises safely constructed and maintained and to guard against subjecting her to dangers of which it was cognizant, or which it might reasonably have anticipated. *Greenley* v. *Miller's, Inc.*, 111 Conn. 584, 587, 150 Atl. 500; *Geoghegan* v. *Fox & Co., Inc.*, 104 Conn. 129, 135, 132 Atl. 408; *Ward* v. *Avery*, 113 Conn. 394, 396, 152 Atl. 502; *Hall* v. *Great Atlantic & Pacific Tea Co.*, 115 Conn. 698, 699, 160 Atl. 302. The evidence goes no further than to show that the floor was highly polished. An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them. *Bonawitt* v. *Sisters of Charity*, 43 Ohio App. 347, 182 N. E. 661; *Kline* v. *Abraham*, 178 N. Y. 377, 70 N. E. 923, 924; *Tenbrink* v. *F. W. Woolworth Co.* (R.I.) 153 Atl. 245; *Spickernagle* v. *C. S. Woolworth & Co.*, 236 Pa. St. 496, 84 Atl. 99.

There is no evidence that the plaintiff's fall was caused by any lumps of wax on the floor. Nor would their presence, on any other evidence in the case, reasonably justify an inference that the employees of the defendant failed to exercise reasonable care in the choice of materials used to polish the floor, or in the method of applying them, in any way which caused the plaintiff to fall. It follows that the plaintiff, hav-

ing failed to substantiate by evidence any allegation of negligence in the complaint, the verdict should have been set aside.

There is error and a new trial is ordered.

In this opinion MALTBIE, C. J., and BANKS, J., concurred; HINMAN and BROWN, Js., dissented.