NANCY STANCO *v.* THE H. L. GREEN COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 4, 1940—decided January 10, 1941.

*Andrew D. Dawson,* for the appellant (plaintiff).

*William J. Larkin, 2d*, with whom, on the brief, was *Maurice T. Healey, Jr.*, for the appellee (defendant).

BROWN, J.  The defendant operated a department store in Waterbury.  Between 9 o'clock and ten minutes after 11 on the evening of July 2, 1938, its employees applied a substance called Myco-Sheen to the store floor for the purpose of cleaning and preserving it.  The store was not again opened for business until 9 o'clock on the morning of July 5, 1938.  Half an hour later the plaintiff in walking over this floor as an invitee of the defendant, fell and was injured.  These facts are undisputed.

The only assignment of error pursued upon this appeal from the judgment entered on the verdict in favor of the defendant, relates to an instruction in the court's charge to the jury.  After stating that the defendant had the right to place the dressing on the floor and that the oiling of it did not constitute negligence per se, the court continued, using in part words from our opinion in the case of *Smith* v. *Union & New Haven Trust Co.*, 121 Conn. 369, 371, 185 Atl. 81: "An owner of a store, in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them.  The specific question that you must decide is not was the floor dry or wet; not was the floor clean or soiled; not whether the floor was or was not slippery.  The specific question that you must ultimately decide is, has the plaintiff proved by a fair preponderance of the evidence that the defendant was negligent in that it did not exercise reasonable care to have and keep its premises reasonably safe for such use by Mrs. Stanco as it might reasonably anticipate."  The first sentence

quoted from this instruction is a correct statement of the law definitive of the defendant's duty. The last sentence, predicated upon this statement and declaring that the specific question which the jury must ultimately decide was whether the plaintiff had proved that the defendant was negligent in failing to exercise reasonable care to have and keep its premises reasonably safe for such use by the plaintiff as it might reasonably anticipate, was also correct. The issue is therefore reduced to the narrow inquiry whether the court's instruction to the effect that the specific question the jury must decide was not whether the floor was dry or wet, clean or soiled, slippery or not slippery, constitutes reversible error.

The plaintiff claimed to have proved that in treating the floor on July 2d the defendant's employees poured the Myco-Sheen into a pail, applied it with a mop and then rubbed it with a dry mop and a yarn mop; that when she reached the part of this floor in question, her right foot slipped leaving a white line on it about one and one-half feet long, and she fell on her back; and that her fall was due to the fact that the floor was wet, slippery and had oil on it which showed on her shoes afterward. The defendant claimed to have proved that Myco-Sheen is a special preparation long and extensively used in the treatment of wooden floors in stores throughout the country; that it was applied to this floor and rubbed with a dry mop and then with a yarn mop as prescribed by the maker's instructions; that it drys thoroughly in from six to twelve hours; that after it had been applied to this floor there were no puddles or pools remaining; and that at the time and place of the plaintiff's fall the floor was dry and not slippery. The finding in its entirety makes clear that the crucial question of fact in the case for the jury's determination, was whether

or not at the time of the plaintiff's fall the floor was wet and slippery in consequence of the Myco-Sheen which had been applied to it, as presented by these conflicting claims.

Consequently this was the vital "specific question" of fact for the jury to decide. It is manifest, therefore, that the court's statement to the contrary, as worded and taken by itself, was erroneous. In determining whether this error was harmful to the plaintiff, however, the charge must be considered as a whole. *State* v. *Murphy,* 124 Conn. 554, 566, 1 Atl. (2d) 274; *Tappan* v. *Knox,* 115 Conn. 508, 511, 162 Atl. 7. Error cannot be predicated upon a detached sentence isolated from the relevant context of the rest of the charge. *Kerin* v. *Baccei,* 125 Conn. 335, 337, 5 Atl. (2d) 876. That the vital question was whether or not the floor was wet and slippery at the time of the plaintiff's fall, had been clearly brought out by the court's recital of the parties' claims pro and con concerning it, and by its further instruction to the effect that the plaintiff's version involving a violation of the defendant's duty of due care as defined by the court, must be established to afford a basis of liability. Had the court qualified its reference to the "specific question" in the instruction complained of, by including the adjective "ultimate," it would have been unexceptionable. Whether the error was due to its failure so to do through inadvertance in making an intended statement of what was not the ultimate question in contradistinction to what was, which it correctly stated in the sentence that followed, or to other reason, need not be determined. Whatever the cause of the mistake, we are satisfied that the jury could not have been misled as to the essential issue for determination by the words complained of as used in connection with

the charge as a whole. We conclude that the erroneous instruction did not constitute reversible error.

There is no error.

In this opinion the other judges concurred.