ELLEN O'BRIEN *v.* H. L. GREEN COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 2—decided May 8, 1941.

*Lorin W. Willis,* for the appellant (defendant).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff secured a verdict for damages resulting from a fall in the store of the defendant claimed to be due to the slippery condition of the floor, and the defendant has appealed from the de-

nial of its motion to set the verdict aside. The plaintiff testified that, after her fall, she looked at the floor and saw there a round greasy spot eighteen inches to two feet in diameter, with lumps of grease on it; and that she saw two marks on the floor where her feet had slipped, about two feet long. She offered no evidence except her own that her fall was due to the slippery condition of the floor; there is much in the record to throw doubt on her testimony and much evidence that the floor was not slippery. However, we do not need to consider whether or not this was a case where the verdict was so palpably against the evidence as to warrant a conclusion that the jury were so swayed by sympathy for the plaintiff as to arrive at an improper result. *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 Atl. (2d) 846; *Nichols* v. *Nichols,* 126 Conn. 614, 617, 13 Atl. (2d) 591. The testimony established that the defendant some days before had used a dressing upon the floor. But all the evidence offered as to this dressing was to the effect that the preparation would not make the floor slippery, and even if the jury disregarded this testimony, they would not be justified in finding that the opposite was true. *Meagher* v. *Colonial Homes Co.,* 109 Conn. 343, 347, 146 Atl. 609. Evidently recognizing this situation, the plaintiff in her brief places her claim upon the ground that the jury could properly have found that the floor was rendered slippery by a combination of a gummy residue left from the floor dressing with dirt, moisture and slush tracked in by customers entering the store from outside. But to make this a basis of recovery it was incumbent upon the plaintiff to prove that the slippery condition had existed for such a length of time that the employees in the store should, in the exercise of due care, have discovered it in time to have remedied it. *Newell* v. *K. & D. Jewelry Co., Inc.,* 119 Conn. 332, 334, 176 Atl. 405; *Hall* v. *Great*

*Atlantic & Pacific Tea Co.*, 115 Conn. 698, 160 Atl. 302; *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 64, 13 Atl. (2d) 760. There is no evidence directly showing, nor any which would afford the basis for a reasonable inference by the jury, that this condition had been satisfied. Without proof of it, the plaintiff was not entitled to recover and the verdict should have been set aside.

There is error, and the case is remanded with direction to set aside the verdict.

In this opinion the other judges concurred.