29 N.J. Super. 58 (1953)
101 A.2d 616
SOUTH ORANGE TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BENJAMIN A. HARTLEY, ALSO KNOWN AS BENJAMIN ALBERT HARTLEY, ALSO KNOWN AS BENJAMIN A. HARTLEY, SR.; MARION V. HARTLEY, ALSO KNOWN AS MARION HARTLEY; THE STATE OF NEW JERSEY, AND PERSONAL FINANCE COMPANY OF HACKENSACK, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 18, 1953.
Mr. Reuben W. Massarsky, attorney for plaintiff.
Mr. Maurice E. Gold, guardian ad litem.
*59 GRIMSHAW, J.S.C.
This is an action for the foreclosure of a mortgage. The validity of the mortgage is challenged by Marion V. Hartley, an incompetent, by her guardian ad litem.
In August 1948 the defendants Marion V. Hartley and Benjamin A. Hartley were and still are the owners of the premises known as 520 Summit Avenue, Fort Lee, Bergen County. Being desirous of improving their property they answered a radio advertisement of a company known as Popular Home Improvement Co., Inc. A representative of that company called upon them some time early in the month of August, 1948. Defendants' desires were made known to that representative, who prepared sketches of a proposed improvement and indicated to the Hartleys that the cost would be $5,000.
On August 25, 1948 this man, one Grimaldi, appeared at the Hartley residence. He had with him a promissory note, undated, in the sum of $6,362.18, payable at $75.74 per month over an 84-month term; a contract in the amount of $5,575, with a time price of $6,362.18; a credit application, in blank, dated August 25, 1948; and a mortgage dated August 28, 1948, covering the property in Fort Lee, in the sum of $6,362.18, payable at the rate of $75.74. All of these papers were signed by the Hartleys.
The defendant Marion V. Hartley was committed to the New Jersey State Hospital at Greystone Park, on October 8, 1948. Thereafter, on November 24, 1948 a notice of her commitment was filed in the office of the Clerk of Bergen County.
On October 25, 1948 the Popular Home Improvement Company sold the promissory note to the plaintiff South Orange Trust Company. The date October 25, 1948 was inserted in the note at that time. On February 24, 1949 the mortgage from the Hartleys to the Popular Home Improvement Company was assigned to the Trust Company and was, on September 27, 1951 recorded in the office of the Clerk of Bergen County.
*60 Marion V. Hartley was the only defendant who filed an answer. In that pleading she denied that she had executed the mortgage. At the hearing she admitted that the signature on the mortgage was hers. She contended, however, that she did not know that she was signing a mortgage. She contended further that at the time she was of unsound mind and incapable of understanding the nature of her act.
There is no doubt that the improvements were made. And there is no suggestion that the improvements were not worth the amount that the Hartleys agreed to pay for them. The mortgage was fair and was for a full consideration. It was taken by the plaintiff without knowledge of Mrs. Hartley's mental condition.
Under such circumstances the defendant Marion Hartley may not have the mortgage voided unless she is prepared to make the plaintiff whole. Yauger v. Skinner, 14 N.J. Eq. 389 (Ch. 1862); Matthiessen & Weichers Refining Co. v. McMahon's Adm'r, 38 N.J.L. 536 (E. & A. 1876); Manufacturers Trust Co. v. Podvin, 10 N.J. 199 (1952).
Judgment accordingly.