GERTRUDE M. GRAY *v.* FITZGERALD AND PLATT, INC.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 10—decided November 6, 1956

*Herman J. Weisman,* with whom, on the brief, were *Maurice T. Healey* and *Harry M. Albert,* for the appellant (plaintiff).

*John E. McNerney,* with whom, on the brief, was *Francis J. Moran,* for the appellee (defendant).

WYNNE, J. The plaintiff brought this action for personal injuries claimed to have been caused by

the negligence of the defendant and had a verdict. The defendant moved to set the verdict aside and, in a separate motion, for judgment notwithstanding the verdict. Each motion was based on the claim that the verdict was contrary to the law and the evidence. Both motions were granted by the trial court, and the plaintiff has appealed. The question is whether there was evidence which reasonably and logically supported the verdict.

From the memorandum of decision, it appears that judgment for the defendant notwithstanding the verdict was rendered because "the jury either failed to comprehend the court's instructions, or mistakenly applied the legal principles, or disregarded the instructions, or . . . were swayed by sympathy for the plaintiff, or . . . because of a combination of these reasons . . . returned a liberal verdict in the plaintiff's favor. The verdict, in the opinion of the court, is not a just one, and is against the law and the evidence, and from a present viewpoint a directed verdict for the defendant should have been ordered."

The question presented is whether there was offered evidence upon which reasonable persons could have reached the conclusion that the plaintiff's injury was caused by the defendant's breach of duty. *Robinson* v. *Southern New England Telephone Co.*, 140 Conn. 414, 415, 101 A.2d 491. Reference to the complaint indicates that the plaintiff was not relying upon a breach of duty in polishing the floor. *Smith* v. *Union & New Haven Trust Co.*, 121 Conn. 369, 185 A. 81. Rather the case proceeded on the theory that the floor was in a slippery and unsafe condition at the time the plaintiff fell. The claim is made that this takes the case out of the holding in the *Smith* case, supra. That case is clearly distinguishable. In the present case, the specification of

negligence was that the floor of the defendant's store was highly polished and slippery because of the application thereon by the defendant's agents of a wax polish or some other slippery substance which negligently created a dangerous condition. In the *Smith* case, supra, the specifications of negligence were that the defendant was negligent in applying oil or wax or some composition to the floor so that it became slippery; in not covering it; in permitting lumps or blotches of wax-like substance to remain thereon; and in failing to inspect. In the present case, the plaintiff was not limited to proof that the slippery condition of the floor resulted from the application of wax to it. She could make out a case by proving that the defendant was negligent in maintaining the floor in a slippery condition, irrespective of the cause of the slipperiness. Upon the evidence that the floor was so slippery that the plaintiff's son could slide upon it, the jury were entitled to infer that the defendant had failed to use reasonable care to keep its premises reasonably safe for its business visitors.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff on the verdict.

In this opinion INGLIS, C. J., O'SULLIVAN and DALY, Js., concurred.

BALDWIN, J. (dissenting). I disagree. This case was pleaded and tried on the theory that the defendant was negligent in maintaining a defective floor of whose condition it had constructive notice. The trial court was correct in setting aside the verdict for the plaintiff because there was no evidence from which the jury could reasonably find notice. *O'Brien* v. *H. L. Green Co.,* 128 Conn. 68, 69, 20 A.2d 411; *Edwards* v. *F. W. Woolworth Co.,* 129 Conn. 245,

27 A.2d 163; *Hall* v. *Great Atlantic & Pacific Tea Co.*, 115 Conn. 698, 160 A. 302. When such a ruling is reviewed, great weight is due to the action of the trial court, and every reasonable presumption should be given in favor of its correctness. *Dudas* v. *Ward Baking Co.*, 104 Conn. 516, 518, 133 A. 591; *Roma* v. *Thames River Specialties Co.*, 90 Conn. 18, 20, 96 A. 169; *Masi* v. *General Ice Cream Corporation*, 120 Conn. 259, 262, 180 A. 455. The trial court followed the procedure which we have set forth frequently. It denied a motion for a directed verdict, and thereafter, the jury having returned a plaintiff's verdict and the defendant having moved to set the verdict aside, it secured and reviewed a transcript of the evidence and filed a lengthy memorandum stating its reasons for setting aside the verdict. In this memorandum, it said: "[T]he jury either failed to comprehend the court's instructions, or mistakenly applied the legal principles, or disregarded the instructions, or . . . were swayed by sympathy for the plaintiff, or . . . because of a combination of these reasons . . . returned a liberal verdict in the plaintiff's favor." Under the rule herein stated, the court's action in setting aside the verdict should have been sustained. Under the rule stated in *Robinson* v. *Southern New England Telephone Co.*, 140 Conn. 414, 421, 101 A.2d 616, judgment notwithstanding the verdict was properly rendered.