MORRIS SENDEROFF *v.* HOUSATONIC PUBLIC
SERVICE COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 5—decided November 24, 1959

*Victor M. Gordon,* with whom, on the brief, was *Benjamin M. Chapnick,* for the appellant-appellee (plaintiff).

*Charles A. Watrous,* with whom was *Harold E. Drew,* for the appellee-appellant (defendant).

KING, J. On December 20, 1955, a failure occurred in the electric service furnished by the defendant public utility company to the portion of Ansonia in which the plaintiff's house was located. This failure in turn stopped the operation of the heating system in the house. During the period in which the current was interrupted, the pipes in the house froze. The complaint, in two counts, sought damages for the resulting injury to the property. The first count,

alleging a breach of contract, was abandoned during the course of the trial. The second count, on which alone the case was finally tried, alleged negligence. Since there was no claim of any special contract making the defendant an insurer of uninterrupted service, the plaintiff had to prove that it was more probable than not that a proximate cause of the failure of current was fault on the part of the defendant. Note, 143 A.L.R. 302, 303. The plaintiff, properly as far as appears from the evidence before us, made no claim under the doctrine of res ipsa loquitur.

At the close of all the evidence, the defendant moved for a directed verdict in its favor. This motion was denied. The jury returned a verdict for the plaintiff. The defendant then moved to have the verdict set aside and also to have judgment entered in its favor in accordance with its motion for a directed verdict—that is, it moved for what is commonly referred to as judgment non obstante veredicto—all pursuant to the provisions of Practice Book § 234. The court set aside the verdict but solely on the ground that the jury must have mistaken the charge as to damages. It denied the motion for judgment non obstante veredicto. From that denial, the defendant appealed, taking a cross appeal in accordance with Practice Book §§ 383 and 377. *Rickey* v. *E. H. Jacobs Mfg. Co.,* 142 Conn. 495, 496, 115 A.2d 336.

The defendant printed a so-called appendix in which it purported to give a summary of the pertinent evidence, although the summary was not in such form as to comply with Practice Book §§ 448 and 449. Since the claim was made in the defendant's brief that there was no evidence in support of the verdict for the plaintiff, and there was nothing

in the so-called appendix which would support the verdict, the plaintiff was required, under the provisions of Practice Book § 447, to set forth in an appendix, in narrative form (Practice Book §§ 448, 449), the evidence which he claimed warranted the rendition of a verdict in his favor. He failed to set forth any evidence relating to liability. There is thus no evidence on that issue except the exhibits, which we assume are before us upon the certification of the evidence. Practice Book §§ 415, 416; *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 42, 82 A.2d 152. Only one of them, exhibit G, is claimed by the plaintiff to support the verdict. Indeed, the plaintiff made no serious claim in brief or argument that there was any evidence other than that exhibit which reached the vital issue of fault. The exhibit is a report of the defendant's president to the public utilities commission in which he states that the power failure was caused by an "overload." This was insufficient to warrant a verdict for the plaintiff. For example, the cause of the overload was unexplained. See *Palmieri* v. *Macero,* 146 Conn. 705, 707, 155 A.2d 750. There was no evidence that the overload could or should have been anticipated by the defendant. In short, there was no evidence of fault on the defendant's part.

The motion for a directed verdict could properly have been granted. *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 546, 135 A.2d 597; *Baptist* v. *Shanen,* 145 Conn. 605, 610, 145 A.2d 592. The court having failed so to do, and there appearing to be no justification for ordering a new trial, there was error in the subsequent denial of the defendant's motion for judgment non obstante veredicto. *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 421, 101 A.2d 491; *Gray* v. *Fitzgerald & Platt,*

*Inc.,* 144 Conn. 57, 58, 127 A.2d 76; *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, 462, 152 A.2d 312. This conclusion makes unnecessary any discussion of the plaintiff's appeal from the action of the court in setting aside the verdict in his favor.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant in accordance with its motion for a directed verdict.

In this opinion the other judges concurred.