[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Norman and Elizabeth Rivera filed a complaint against the defendants Connecticut Light Power Company and Northeast Utilities Service Company dated December 14, 1992. On the same day, Southern New England Telephone Company ("SNET") filed a motion to intervene under C.G.S. 31-293
which was granted by the court on January 11, 1993. On March 4, 1993 SNET filed an intervening complaint against the defendants.
On February 17, 1993, the defendants filed a motion to strike the second count of the plaintiffs Norman and Elizabeth Rivera's complaint on the ground that, as a matter of law, the provision of electric service, including the transmission and distribution of electric current, is not an intrinsically CT Page 6508 dangerous or ultrahazardous activity for which strict liability may be imposed. In their memorandum in opposition to defendants' motion, the Riveras argue that the strict liability claim set forth in their second count is based on the law of product liability, as well as inherently dangerous or ultrahazardous activity. Later, the defendants filed a supplemental motion to strike the second count of the complaint reasserting the previous ground for the motion to strike, and adding the claim that if the court construes the second count of the complaint as if it also states a claim based on products liability theory, the count should still be struck because an electric utility may not be held liable under such theory.
The second count of SNET's intervening complaint essentially mirrored the wording found in the Rivera complaint and defendants have moved to strike for the same reasons as those presented in the motion to strike count two of the Rivera complaint. Also, SNET's memorandum in opposition to the motion to strike adopts the Rivera position. Thus, the court's ruling on defendants' motion to strike the second count of the Rivera complaint is determinative of the adequacy of SNET's second count set forth in its intervening complaint.
The purpose of a motion to strike is to "test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,561 A.2d 432 (1989).
 Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief . . ., or (3) the legal sufficiency of any such complaint, counterclaim or cross-complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes . . ., or (5) the legal sufficiency of any answer . . . that party may do so by filing a motion to strike the contested pleading or part thereof.
Practice Book 152. When "considering the ruling upon the motion to strike [the court is] limited to the facts alleged in the CT Page 6509 complaint." (Citations omitted.) King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). Further, when deciding a motion to strike, the court must construe the facts alleged in the complaint "in the manner most favorable to sustaining its legal sufficiency." (Citation omitted). Kelly v. Americo Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992). Accordingly, "if facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142.
Plaintiffs, in their memorandum in opposition to defendants' motion to strike, urge the court to follow the lead of other states and recognize a strict liability claim premised on inherently dangerous or ultrahazardous activity. The Connecticut courts have consistently rejected attempts to impose strict liability on an electric utility company premised on an inherently dangerous or ultrahazardous activity claim. See Senderoff v. Housatonic Public Service Company, 147 Conn. 18,20-21, 156 A.2d 517 (1959); Citerella v. United Illuminating Company, 158 Conn. 600, 607, 266 A.2d 382 (1969); Plourde v. Hartford Electrict [Electric] Light Co., 31 Conn. Sup. 192,326 A.2d 848 (1974). Therefore, strict liability cannot be imposed based on inherently dangerous or ultra hazardous activity relative to the transmission of electrict [electric] current as alleged in this case.
In the second part of count two of plaintiffs' complaint, plaintiffs claim they have properly alleged a strict liability claim premised on product liability. Defendants maintain in their motion to strike, that plaintiffs have failed to properly allege in their complaint, a strict products liability claim, because they have failed to cite the statute the action is brought under, as required by Practice Book 109.
The Supreme Court in Daily v. New Britain Machine Co.,200 Conn. 562, 571, 512 A.2d 893 (1986), stated that a plaintiff "cannot bring a common law cause of action for a claim within the scope of the [product liability] statute." Id. The court held that "[i]t seems clear . . . that the plaintiffs must select the statutory remedy, as it was intended by the legislature to be exclusive." Id., 572; see also Arsenault v. Pa-Ted Spring Co.,203 Conn. 156, 158, 523 A.2d 1283 (1987); Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 562 A.2d 517 (1989).
In the present case, the plaintiffs have failed to assert the statutory remedy as the basis for their product liability CT Page 6510 claim. Therefore, the plaintiffs' assertion that they have sufficiently pled a product liability claim in count two of their complaint is erroneous.[1]
For the above reasons the defendants' motion to strike the second count of the Rivera Complaint and the second count of the intervening plaintiff SNET's complaint is granted as both counts fail to state claims upon which relief can be granted.
Richard J. Stanley, Judge