[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DECISION TO STRIKE
This is a matter in which the plaintiffs claim injury due to exposure to electromagnetic radiation.
The defendants have moved to strike certain counts of the plaintiffs' complaint which allege causes of action based on ultrahazardous activity, product liability and unfair trade practice.
Plaintiffs plead in counts eleven and twelve that the generation, transmission and distribution of electricity in the substation and powerlines near their home, and emission of electromagnetic radiation constitute an ultra hazardous activity for which the defendants are strictly liable. Electric utility companies can not be held liable for damages in the absence of fault. Citerella v. United Illuminating Co., 158 Conn. 600, 607
(1969); Senderoff v. Housatonic Public Service Co., 147 Conn. 18,20, 21 (1959). That a new or different source of injury is here alleged does not mitigate the strong public policy arguments underlying the case law. Without an allegation of fault, the Counts must be stricken.
In counts five and six the plaintiffs plead causes of action based on the Product Liability Act, C.G.S. 52-572m-r. The CT Page 8633 plaintiffs allege that the defendants were "product sellers of electricity which emitted electromagnetic radiation . . . and defendants did release said product into the stream of commerce. The defendants attack these counts because a utility may not be held liable in product liability because "electricity, particularly electricity which is still in the utility's own facilities and therefore not released into the stream of commerce, cannot be considered a product." While the defendants have accurately set forth the law, their motion to strike would, in the days of less modern pleading, be called a "speaking demurrer." The plaintiffs have alleged sufficient facts to set forth a cause of action, the merits of their claim, based on the facts and law are best left to summary judgment or trial.
Counts nine and ten allege violation of the Connecticut Unfair Trade Practices Act.
The complaint as drafted fails to state an ascertainable loss growing out of a transaction in trade or commerce between the parties as competitors or as seller and consumer. Rather, the plaintiff claims a violation of the act based on representations made to the public, upon which he relied. This is insufficient for CUTPA, which demands consumer or business injury. While they allege that electricity was distributed to them, this sale or distribution of electricity to the plaintiffs is not the claimed source of injury. Here, the plaintiff claims he lived near electric facilities because the defendant held them out as safe. These allegations, are not sufficient, because though there maybe a public injury, it does not arise out of a trade practice, that is, the sale of electricity to the plaintiffs, injury to a consumer, competitor or business person. A. G. Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200 (1990).