[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET-ASIDE VERDICT
Pursuant to Practice Book § 16-35 the plaintiff has filed a motion to set aside the jury verdict of November 26, 2001. The plaintiff argues that the jury's verdict was inconsistent with its answers to interrogatories contained in the verdict from; that the court erred in its charge to the jury as said charge pertained to the issue of a "slippery floor; and finally that the court erred in refusing to honor the plaintiff's request to charge the jury on the doctrine of res ipsa loquitur. CT Page 6957
 I
The case is a negligence action arising from the plaintiff's claims that she sustained personal injuries on August 6, 1997 when she attempted to arise from a plastic lawn chair that was on display and being sold at the defendant's Wallingford store. The plaintiff claims that "suddenly and without warning the chair slid out from underneath the plaintiff' as she was getting out of the chair. The plaintiff's claims of negligence by the defendant were grounded in the allegations that the floor area where the lawn chair was displayed was in a slippery state, constituting a dangerous and defective condition.
The case was tried to the jury over a four day period. Following the conclusion of evidence, the court charged the jury on the law of negligence. Acting upon an agreement of counsel for the plaintiff and the defendant, the court provided the jury with a verdict from containing ten interrogatories. The verdict form and interrogatories was in a form prepared by the defendant and agreed upon by the plaintiff, without objection. The jury, after deliberation, returned a verdict for the defendant and in doing so, answered interrogatories 1 through 4. Due to the instructions contained in the interrogatories, the jury, in entering a defendant's verdict, was not required to proceed further to answer the remaining interrogatories 5 through 10. The entire verdict form containing interrogatories 1 through 10 are reproduced and attached herein as Appendix A. However, for the purposes of deciding the motion to set aside the verdict, only interrogatories 1 through 4 need to be discussed.
Interrogatories 1 through 4 were answered as follows:
 1. Has the plaintiff proven the existence of a dangerous condition at the Wal-Mart Store in Wallingford, Connecticut on August 6, 1997?
Answer: Yes
 If you answered No to Question 1, please proceed to the end of this form, sign it and return it to the court. If you answered Yes to Question 1, please proceed to Question 2.
 2. Did you find that Wal-Mart had actual notice of the defective or dangerous condition?
Answer: No CT Page 6958
 If you answered No to Question 2, please proceed to Question 3. If you answered Yes to Question 2, please proceed to Question 4.
 3. Do you find that Wal-Mart had constructive notice of the defective or dangerous condition?
Answer: Yes
 If you answered No to Question 3, please proceed to the end of this form, sign it and return it to the Court. Do not answer any further questions. If you answered Yes to Question 3, please proceed to Question 4.
 4. Do you find that Wal-Mart was negligent in the maintenance and care of the floors at the Wallingford, Connecticut store on August 6, 1997?
Answer: No
 If you answered No to Question 4, please proceed to the end of this form, sign it and return it to the court. If you answered Yes to Question 4, please proceed to Question 5.
The jury having answered "no" to Question 4 did not proceed to Question 5, regarding whether any negligence found by Wal-Mart was a proximate cause of the plaintiff's injuries. The plaintiff claims that the verdict must be set aside because the jury's answer to Question 4 is inconsistent with its answers to Questions 1 and 3, in that it is inconsistent with premises liability law.
The trial court must view the evidence offered at trial in the light most favorable to sustaining the verdict. Gaudio v. Grfffin HealthServices, 249 Conn. 523, 534 (1999). The ultimate test is whether given the evidence offered at trial, viewed in the light most favorable to sustaining the verdict; Herb v. Kerr, 190 Conn. 136, 140, 459 A.2d 521
(1983); the jury reasonably could have concluded as it did. The facts, must be viewed in the light most favorable to sustaining the verdicts.Id.
There are serious constitutional issues posed by setting aside a jury verdict. This is so because litigants have a constitutional right to have issues of fact decided by the jury. A trial court's decision to set aside a jury verdict can implicate a party's constitutional right to a trial by CT Page 6959 jury. Young v. Data Switch Corp., 231 Conn. 95, 100-01 (1994); Zarelliv. Barnum, 6 Conn. App. 322, 326, 505 A.2d 25 (1986); Bambus v.Bridgeport Gas Co., 148 Conn. 167, 169, 169 A.2d 265 (1961). "The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." Zarelli v. Barnum, supra; Camp v.Booth, 160 Conn. 10, 13, 273 A.2d 714 (1970); Jacobs v. Goodspeed,180 Conn. 415, 429 A.2d 915 (1980); Berry v. Loiseau, 223 Conn. 786, 807
(1992); Gosselin v. Perry, 166 Conn. 152, 168, 348 A.2d 623 (1974);Barbieri v. Taylor, 37 Conn. Sup. 1, 2, 426 A.2d 314 (1980). Accordingly, a court should move cautiously in deciding to set aside a jury's verdict.
"However, it is the court's duty to set aside the verdict when it finds that "it does manifest injustice, and is . . . palpably against the evidence . . ." State v. Chin Lung, 106 Conn. 701, 704, 139 A. 91
(1927); Labbe v. Hartford Pension Commission, 239 Conn. 168, 192 (1996). A verdict that is inconsistent or ambiguous should be set aside. Ginsbergv. Fusaro, 225 Conn. 420, 425-26 (1993). Erroneous evidentiary rulings by the court is an additional reason for setting aside a jury verdict. Melov. Spencer, 62 Conn. App. 727, 730 (2001). A verdict can be set aside "only if . . . the jury could not reasonably and legally have reached their conclusion. . . ." Fleming v. Garnett, 231 Conn. 77, 83 (1994);Foley v. Huntington Co., 42 Conn. App. 712, 725 (1996). When a "verdict rests upon a factual finding contradictory to another finding of the same issue by the trier the judgment cannot stand." (Internal quotation marks omitted.) Calabro v. Calabro, 33 Conn. App. 842, 847, 639 A.2d 1046
(1994); Chapman v. Norfolk Dedham Mutual Fire Ins. Co.,39 Conn. App. 306, 315, 665 A.2d 112 (1995).
"Any motion for a new trial is addressed to the sound discretion of the trial court and will not be granted except on substantial grounds." Burrv. Lichtenstein, 190 Conn. 351, 355 (1983) The basic question forte court is whether upon all the evidence an injustice has been done. Id. "The trial court's refusal to set aside [a] jury verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness." Kalleher v. Orr, 183 Conn. 125, 127, 438 A.2d 843 (1981);Waldron v. Raccio, 166 Conn. 608, 618, 353 A.2d 770 (1974). This is so because "[f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than [an appellate court] can, on the printed record, what factors, if any, could have improperly influenced the jury." Zarelli v. Barnum, supra, quotingBirgel v. Heintz, 163 Conn. 23, 26, 301 A.2d 249 (1972). An appellate CT Page 6960 court's function on appeal is, accordingly, limited to determining whether the trial court abused its discretion in denying or granting a motion to set aside the verdict. [Maltbie,] Conn. App. Proc., p. 151."Mulcahy v. Larson, 130 Conn. 112, 114, 32 A.2d 161 (1943).
The standard for a trial court to review a jury's responses to interrogatories also is particularly narrow. The role of the court is not "to search the record for conflicting answers in order to take the case away from the jury on a theory that gives equal support to inconsistent and uncertain inferences. . . ." Treglia v. Zanesky, 67 Conn. App. 447,460, 788 A.2d 1263, (2001), quoting Norrie v. Heil Co., 203 Conn. 594,606, 525 A.2d 1332 (1987). Rather, "[w]hen a claim is made that the jury's answers to interrogatories in returning a verdict are inconsistent, the court has a duty to attempt to harmonize the answers." Id. "To justify the entry of a judgment contrary to a general verdict upon the basis of answers to interrogatories, those answers must be such in themselves as conclusively to show that as [a] matter of law judgment could only be rendered for the party against whom the general verdict was found; they must negative every reasonable hypothesis as to the situation provable under the issues made by the pleadings; and in determining that, the court may consider only the issues framed by the pleadings, the general verdict and the interrogatories, with the answers made to them, without resort to the evidence offered at the trial. . . ." Id. at 461, (Citations omitted; emphasis added; internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 242 Conn. 255, 269-70, 698 A.2d 838
(1997).
 II
The plaintiff's position regarding the interrogatories answered by the jury is that once the plaintiff has proven defect and notice, as evidenced by the jury's responses to Questions 1 and 3, the defendant becomes liable to the plaintiff, providing that the jury finds that the defendant's negligence was the proximate cause of the plaintiff's injuries. The plaintiff cites Sauro v. Arena Co., 171 Conn. 168, 170,368 A.2d 58 (1976). See also, Connecticut Law of Torts, 3rd Edition, § 49 — Duty to Invitees.
Connecticut law requires only that a possessor of land, such as Wal-Mart, use reasonable care to maintain its premises in a reasonably safe condition under all of the circumstances. Sauro v. Arena Co., supra 170. Reasonable care means such care as would be used by a reasonably prudent person, placed in a position similar to the positions in which the parties found themselves on August 6, 1997. Hartman v. Black DeckerM.G. Co., 16 Conn. App. 1, 5-6, 547 A.2d 38 (1988). White v. Burns,213 Conn. 307, 322, 567 A.2d 1195 (1990). "Reasonable care, however, does CT Page 6961 not equate to "all care." A possessor of property is not obligated to make its premises absolutely safe, and nor is it a guarantor or insurer with respect to all accidents occurring on its premises. Dribble v.Village Improvements Co., 123 Conn. 20, 23, 192 A. 308 (1937). The standard of care, that of an ordinarily prudent person under the circumstances, never varies, but the degree of care may vary depending upon the circumstances. Geoghegan v. G. Fox Co., 104 Conn. 129, 134,132 A. 408 (1926).
The jury concluded that Wal-Mart was not negligent even though it had constructive notice of a defective condition because it also concluded that Wal-Mart had exercised reasonable care to maintain its premises in a reasonably safe condition. The court has reviewed its charge and concludes that based on the charge and the evidence at trial, that the jury could reasonably and properly conclude that Wal-Mart used reasonable care to maintain its premises in a reasonably safe condition.
Wal-Mart presented a substantial amount of evidence establishing that it took reasonable steps to maintain its premises in a reasonably safe condition. It presented evidence as to the responsibilities of its employees to keep a constant lookout for unsafe or defective conditions. It presented evidence of its floor maintenance procedures for its high traffic retail stores. Thirdly, the jury heard testimony that there were no other accidents of a similar nature in any other Wal-Mart store.
The plaintiff failed to produce any evidence that Wal-Mart did not adhere to the requisite standard of care and never offered evidence of what the requisite standard of care, or the industry standard of care was on August 6, 1997. The plaintiff, as evidenced by the jury's answers to Questions 1 and 3, has established the presence of a defect and the defendant's constructive notice of the defect. However, the jury additionally must find that Wal-Mart failed to exercise due care, meaning reasonable care to keep the property reasonably safe under the circumstances to support a finding of negligence. This, the jury did not do. The jury, in light of the evidence and the jury charge could have reasonably and legally reached their conclusion. Fleming v. Garnett, supra 83. The role of the court is not "to search for conflicting answers in order to take the case away from the jury." Treglia v. Zanesky, supra 460. The court cannot say that on the basis of the answers to the interrogatories that the answers are so conclusive that as a matter of law judgment could only be rendered for the plaintiff.
 III
The plaintiff next argues that the court's charge was incomplete because it omitted language from the case of Gray v. Fitzgerald andCT Page 6962Platt, Inc., 144 Conn. 57, 127 A.2d 76 (1956). The court has wide discretion in charging a jury and is not required to charge in language as submitted by either of the parties. Olkowski v. Dew, 48 Conn. App. 864,867, 713 A.2d 264 (1998). "The test is whether the charge as a whole fairly represented the case to the jury so that no injustice was done."Magnon v. Glickman, 185 Conn. 234, 245, 440 A.2d 909 (1981).
In her request to charge, the plaintiff submitted the following proposed charge:
 "You have heard evidence in this case that the floor where the plaintiff was caused to fall was slippery. It is the plaintiffs further claim that this slippery floor condition constitutes the defect that caused the plaintiff's injuries. If you determine that the defendant Wal-Mart was negligent in maintaining the floor in a slippery condition, irrespective of the cause of the slipperiness, you can infer from this evidence that the defendant failed to use reasonable care to keep the premises reasonably safe for business visitors, such as the plaintiff and, thus, was negligent." Gray v. Fitzgerald and Platt, Inc., 144 Conn. 57, 59 (1956).
A review of the court's jury charge reveals that the court used virtually verbatim language, omitting only the "irrespective of the cause of slipperiness" language. Connecticut law requires that to render the retailer-possessor of premises liable, the defendant must have had actual or constructive notice of a specific defective condition. Pollack v.Gampel, 163 Conn. 462, 468 313 A.2d 73 (1972). The language of Gray v.Fitzgerald and Platt, Inc., supra, is not language that must be included in all "slippery floor" jury charges. In the contest of the entire jury charge and the evidence presented at trial, the court concludes that its instructions on the law were complete.
 IV
Lastly, the plaintiff argues that the court erred in failing to instruct the jury on the doctrine of res ipsa loquitur. This doctrine does not apply because the plaintiff has alleged and attempted to prove, specific acts of negligence on the part of the defendant to support a finding by the jury that such negligence was the proximate cause of the plaintiff's injuries. Queen v. Gaghola, 162 Conn. 164, 170 292 A.2d 890
(1972); Pineau v. Home Depot, Inc., 45 Conn. App. 248, 258, 695 A.2d 14
(1997). The plaintiff has not proved why the floor was slippery, and the plaintiff's own negligence cannot be excluded as a reasonable or plausible CT Page 6963 cause of the accident. The doctrine of res ipsa loquitur is unsuited to a retail store slip and fall case where it is virtually impossible to eliminate the actions of others including the plaintiff as plausible causes of the incident.
Accordingly, the motion to set aside the jury verdict of November 26, 2001, is hereby denied.
The Court
By: Arnold, J