## LOUIS CLAVELOUX ET AL. *v.* DOWNTOWN RACQUET CLUB ASSOCIATES ET AL.
### (SC 15763)

Borden, Berdon, Palmer, McDonald and Peters, Js.

Argued April 23—officially released September 1, 1998

*Daniel P. Scapellati*, with whom were *Harris B. Appelman* and, on the brief, *George D. Royster, Jr.*, for the appellants (defendants).

*David A. Reif*, with whom was *Thomas E. Katon*, for the appellees (plaintiffs).

*Opinion*

PETERS, J. The only certified issue in this case involving premises liability is whether, as the Appellate Court held, the trial court abused its discretion in excluding evidence of a prior accident that allegedly was substantially similar to the accident that caused the personal injury in this case. *Claveloux* v. *Downtown Racquet Club Associates*, 44 Conn. App. 691, 697, 691 A.2d 1112 (1997). Contrary to the view of the Appellate Court, we conclude that the trial court did not abuse its discretion. Accordingly, we reverse the judgment of the Appellate Court.

The named plaintiff, Louis Claveloux,[1] brought this action against the defendants, the Downtown Racquet Club Associates and Edmund J. Fusco, the general partner of the Downtown Racquet Club Associates, seeking damages for severe injuries that he suffered as a result of slipping on the defendants' property during a racquetball tournament. After excluding evidence of a prior accident at the club facilities, the trial court granted the defendants' motion for a directed verdict, which was premised on the plaintiff's failure to produce sufficient

---

[1] Because the claims of the plaintiff Jean Claveloux, the spouse of the named plaintiff, are derivative of his claims, we refer to Louis Claveloux as the plaintiff.

evidence to support a prima facie case of premises liability.

The plaintiff appealed to the Appellate Court. That court reversed the trial court's judgment, finding sufficient similarity between the two accidents to require the disputed evidence to be submitted to the jury on the issue of notice to the defendants of the existence of a defect.[2] *Claveloux* v. *Downtown Racquet Club Associates*, supra, 44 Conn. App. 695–96.

The defendants petitioned for certification to appeal to this court. We granted certification limited to the following question: "Did the Appellate Court properly hold that evidence of prior slipping accidents was relevant and admissible to prove that the defendants had notice of the conditions that caused the plaintiff's injury?" *Claveloux* v. *Downtown Racquet Club Associates*, 243 Conn. 917, 701 A.2d 327 (1997). We reverse.

I

Before reaching the merits of the dispute between the parties, we need to clarify our standard of review of the trial court's evidentiary rulings.[3] It is well established that "[t]he trial court has broad discretion in ruling on the admissibility of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Sullivan*, 244 Conn. 640, 646, 712 A.2d 919 (1998); *State* v. *Coleman*, 241 Conn. 784, 789, 699 A.2d 91 (1997); *Potter* v. *Chicago Pneumatic*

---

[2] In view of its ruling, the Appellate Court did not consider other claims raised by the plaintiff.

[3] Contrary to Justice McDonald's assertion in his dissenting opinion, the abuse of discretion standard does not in any way supplant the rules of evidence contained in Connecticut case law. Abuse of discretion is the standard of review by which an appellate court evaluates the actions of a trial court in applying these rules of evidence.

*Tool Company*, 241 Conn. 199, 259, 694 A.2d 1319 (1997).

The rule of appellate deference to trial court rulings on evidentiary matters regularly has been applied without distinction between claims that evidence was admitted improperly and claims that evidence was excluded improperly. In this case, however, the Appellate Court adopted just such a distinction. Relying on its previous holding in *Martins* v. *Connecticut Light & Power Co.*, 35 Conn. App. 212, 217, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994), the court held that "[t]he exercise of discretion to omit evidence in a civil case should be viewed more critically than the exercise of discretion to include evidence. It is usually possible through instructions or admonitions to the jury to cure any damage due to inclusion of evidence, whereas it is impossible to cure any damage due to the exclusion of evidence." (Internal quotation marks omitted.) *Claveloux* v. *Downtown Racquet Club Associates*, supra, 44 Conn. App. 695.

We disagree with the distinction created by the Appellate Court. In its reasoning, the Appellate Court viewed the issue solely from the perspective of an appellate court. Id. That is not, however, the primarily relevant perspective. Many cases concerning the admission or exclusion of contested evidence require the trial court to make a close call. Under the rule of law stated by the Appellate Court, such a distinction might well persuade a trial court, consciously or unconsciously, to attempt to diminish the odds of reversal by admitting contested evidence into the record. In effect, the Appellate Court's distinction improperly could cause the trial court to put its thumb on the scale of its discretionary weighing of the evidence and the arguments of the parties. We conclude, therefore, that trial courts should continue to weigh evidentiary offers in a neutral fashion, and that we should continue to require those who,

on appeal, challenge a trial court's evidentiary rulings, whether they result in the admission of evidence or in its exclusion, to show a clear abuse of the trial court's discretion.[4]

## II

The merits of this case concern the admissibility and relevance of evidence of a prior accident to prove the defendants' responsibility for injuries suffered by the plaintiff. The Appellate Court concluded that the trial court improperly had excluded the evidence. The excluded evidence related to the slip and fall of the plaintiff and another racquetball player, on the previous day, on an adjacent court on the defendants' premises. The Appellate Court held that that accident was sufficiently similar to the plaintiff's accident in this case to give the defendants notice of a defect or danger on their racquetball courts. In light of the record in this case, we disagree with the Appellate Court's conclusion that the trial court's ruling was an abuse of its discretion.

Ordinarily, evidence of other accidents is admissible only upon an evidentiary showing of substantial similarity between the circumstances causing the prior accident and the circumstances presently being litigated. *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 571, 657 A.2d 212 (1995); *Hall* v. *Burns*, 213 Conn. 446, 451–56, 569 A.2d 10 (1990); *Facey* v. *Merkle*, 146 Conn. 129, 135–37, 148 A.2d 261 (1959). The Appellate Court held that this principle was subject to an exception for cases in which evidence of other accidents is

[4] Accordingly, we amend the question that we certified. It presently asks: "Did the Appellate Court properly hold that evidence of prior slipping accidents was relevant and admissible to prove that the defendants had notice of the conditions that caused the plaintiff's injury?" *Claveloux* v. *Downtown Racquet Club Associates*, supra, 243 Conn. 917. The question should read: "Did the Appellate Court properly hold that the trial court abused its discretion in ruling that evidence of prior slipping accidents was irrelevant and inadmissible to prove that the defendants had notice of the conditions that caused the plaintiff's injury?"

offered only to prove notice of a defect or a danger. It concluded that, in such cases, the requirement of substantial similarity is significantly attenuated.

The exception that the Appellate Court articulated was first adopted by that court in *Martins* v. *Connecticut Light & Power Co.*, supra, 35 Conn. App. 216–17. *Claveloux* v. *Downtown Racquet Club Associates*, supra, 44 Conn. App. 695–96. The decision in *Martins* rested, in large part, on C. McCormick, Evidence (4th Ed. 1992) c. 18, § 200, p. 848, in which the authors recommend that, for the purpose of establishing notice of a defect or danger, prior accidents need only "be such as [would] call [the] defendant's attention to the dangerous situation that resulted in the litigated accident . . . ."

Several federal court cases, interpreting rule 403 of the Federal Rules of Evidence, similarly have agreed with McCormick's reasoning. See, e.g., *Jackson* v. *Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1084–85 (5th Cir. 1986) (abuse of discretion in exclusion of evidence of other manufacturers' designs as evidentiary of defects in defendant's tire design); *Gardner* v. *Southern Ry. Systems*, 675 F.2d 949, 952–53 (7th Cir. 1982) (no abuse of discretion in exclusion of evidence of prior collision between train and motor vehicle at same railroad crossing); *Evans* v. *Pennsylvania R. Co.*, 255 F.2d 205, 209–10 (3d Cir. 1958) (no abuse of discretion in admitting evidence of notice of prior railroad crossing accidents even though circumstances "not exactly similar"). None of those decisions, however, purports to deprive the trial court of its customary discretion with regard to the admissibility of evidence. In our view, those judgments reflect continued endorsement of the authority of trial courts to make discretionary rulings concerning the sufficiency of the evidence of similarity to support the admission of evidence of prior accidents.

It may be that, in appropriate circumstances, we, too, should adopt McCormick's view that, in exercising its discretion, a trial court, if evidence is offered solely to prove the defendant's notice of a defect or danger, should view evidence of similar incidents less critically than a proffer of evidence to prove the actual defect. We recognize that this issue is one that our case law has not addressed directly.

For two reasons, however, we are persuaded that this case does not present us with the proper record upon which to decide this issue. One reason arises out of the absence of a proper presentation of the issue of law to the trial court. The other reason arises out of the sparsity of the factual record with respect to the similarity between the plaintiff's accident and the incident that occurred on a prior day.

## A

First, in summarizing the plaintiff's position immediately before the trial court's ruling, the plaintiff stated that "the question [was] whether there was *substantial* similarity" between the two accidents. (Emphasis added.) At that crucial time, the plaintiff did not allude to a standard of attenuated similarity. He did not respond to the court's recital of prior Connecticut case law by suggesting that those cases might be distinguishable because his case dealt with notice of a defect. On this record, the plaintiff, in our view, failed to alert the trial court to the argument he now advances.

We are not bound to consider a claim "unless it was distinctly raised at the trial or arose subsequent to the trial." Practice Book § 60-5, formerly § 4061. Moreover, the plaintiff has cited no case in which we have held that the trial court abused its discretion by failing to consider an argument of which it had not been apprised clearly. Procedurally, the plaintiff cannot prevail.

## B

Our conclusion is reinforced by the factual circumstances of this case. At trial, the factual basis for establishing similarity was remarkably thin.[5] The essence of the plaintiff's claim was that notice to the defendants of a foreign substance on the floor of one of their racquetball courts was notice that their other courts also were "generally slippery."[6] Inherently, that claim is premised upon evidence that the plaintiff slipped and fell because of "generally slippery conditions" on the court on which he was playing.

The parties agree that: (1) in the prior incident, the plaintiff and another racquetball player fell because of an oily foreign substance on the floor of a court other than the one on which the plaintiff was injured; and (2) the plaintiff has not claimed that his injury was caused by an oily foreign substance or any other foreign substance on the court on which he was injured. The parties disagree about whether the presence of a foreign substance inferentially gave notice that the floors of the defendants' courts were "generally slippery."

To support the claim that the prior accident gave the defendants relevant notice of "generally slippery conditions" on the court on which the plaintiff suffered his injury, he would have had to make at least a prima

---

[5] The plaintiff relies in part on the findings of fact reported in the decision of the Appellate Court in this case. The plaintiff's reliance is misguided. Appellate courts in this state do not find facts. See Practice Book § 60-5, formerly § 4061.

[6] Justice McDonald's dissent relies upon *Gray* v. *Fitzgerald & Platt, Inc.*, 144 Conn. 57, 59, 127 A.2d 76 (1956), for the proposition that evidence of prior accidents is admissible for the purpose of demonstrating notice of slipperiness, regardless of its cause. That reliance is misplaced. The issue in *Gray* was whether the evidence of slipperiness adduced at trial was sufficient to support the jury's verdict of negligence. Id. By contrast, in this appeal, the issue is whether the claimed prior incident was sufficiently similar to the plaintiff's accident to be admissible.

facie evidentiary showing that "generally slippery conditions," in whole or in part, had caused his fall.[7] All that the evidentiary record reveals, however, about the cause of the plaintiff's accident is that he slipped and fell. He did not testify about the reason for his fall or about the condition of the floor of the court at the time of his fall. The plaintiff's witness Bette Ehrgott, who was acting as referee for the racquetball match, testified that she had not seen the plaintiff slip as he fell, and that she had not seen anything improper on the floor. The trial court rejected, for lack of probative value, the testimony of the plaintiff's witness Robert Lampo that, when he arrived at the scene of the accident shortly after its occurrence, areas of the court other than the place of the plaintiff's fall "appeared slippery." That ruling has not been challenged in this court.

In our view, this record is insufficient to establish an abuse of discretion in the trial court's ruling to exclude the disputed testimony. Arguably, the record might have permitted the court to exercise its discretion either to admit or to exclude the proffered evidence. This record does not, however, document circumstances that would permit this court to find a clear abuse of discretion by the trial court in ruling as it did.

The judgment of the Appellate Court is reversed and the case is remanded to that court for consideration of the plaintiffs' remaining claims.

In this opinion BORDEN and PALMER, Js., concurred.

MCDONALD, J., with whom BERDON, J., joins, dissenting. I disagree with the majority opinion.

---

[7] Justice McDonald's dissent, in assuming that the plaintiff fell because of a slippery floor, overlooks the antecedent point that the plaintiff introduced no evidence concerning the reason for his fall.

## I

In part I of the majority opinion, the majority states that evidentiary rulings are reviewed to determine if the trial court clearly abused its discretion. Under this standard, if the trial court is faced with a close call, where it might admit or not admit the evidence, this court will reverse the trial court's ruling only if it is a clear abuse of discretion. The works of Wigmore, McCormick, Weinstein, Tait and LaPlante, and Holden and Daly will no longer guide our decisions. Regrettably, this leaves the trial courts and counsel with no certain rules of evidence and with a very elastic rule applied only sometimes.[1]

I do not believe that close enough is acceptable. Our abuse of discretion standard renders the rules of evidence alike to a game of horseshoes.

## II

As to part II of the majority opinion, I also disagree and believe that the trial court improperly excluded evidence of two prior slipping accidents to prove that the defendants had notice of a dangerous condition that led to the plaintiff's injury. I would, therefore, affirm the decision of the Appellate Court.

At trial, the plaintiff produced evidence that, on November 8, 1987, he was engaged in a racquetball tournament on the defendants' premises, the Downtown Racquet Club. While playing in the tournament, "the plaintiff . . . slipped, and was propelled head first into the right side wall of the racquetball court. As a result of this accident, the plaintiff became a quadriplegic." *Claveloux* v. *Downtown Racquet Club Associates*, 44 Conn. App. 691, 693, 691 A.2d 1112 (1997).

---

[1] See *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 615 n.1, 717 A.2d 713 (1998) (*McDonald, J.*, dissenting).

"The defendants filed a motion in limine to preclude evidence of prior conditions and complaints [at the club] unless they [related to] the same court as the accident and [were] reasonably close in time to November 8, 1987." (Internal quotation marks omitted.) Id., 694. With respect to that motion, the plaintiff testified that, on November 7, 1987, the day before the accident, both he and his playing partner, while warming up, slipped and fell on a different racquetball court at the defendants' club. Id. According to the plaintiff, the men had slipped on a clear, oily substance in two different locations on that court. Id. The plaintiff testified further that he notified someone at the front desk of the defendants' club, and, "within a few minutes, a maintenance [person] came and mopped the entire court." Id.

The trial court granted the motion in limine, ruling that the prior slipping accidents were not substantially similar to the slipping accident that resulted in the plaintiff's injuries. This ruling was improper. Because the evidence was offered to prove notice, the requirement of substantial similarity is lessened. 1 C. McCormick, Evidence (4th Ed. 1992) § 200, p. 848; accord *Martins v. Connecticut Light & Power Co.*, 35 Conn. App. 212, 217, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994); C. Tait & J. LaPlante, Connecticut Evidence (1998 Sup.) §.8.9.5, p. 165.

The purpose of the plaintiff's offer supported the admission of the evidence. The plaintiff alleged in his complaint that the defendants' racquetball courts were defective because the floor was unreasonably slippery, and that the defendants were negligent because, without respect to the nature of the slippery condition, they failed to: (1) maintain the floors adequately, in a "non-slippery condition" suitable for racquetball play; and (2) take reasonable steps to check the condition of the floors during the tournament. The plaintiff elicited

testimony from the manager of the defendants' club, who stated that a slippery condition should not exist on a racquetball court. The plaintiff also produced evidence that the racquetball court floor on which the plaintiff was injured had a slippery spot on the day of the accident. The plaintiff was attempting to introduce evidence of the two prior slipping accidents to show that the defendants had notice both of the slippery condition of the racquetball courts and of their inadequate maintenance of the courts.

The plaintiff was not required to show what caused the slippery condition as a prerequisite to admissibility. See, e.g., *Gray* v. *Fitzgerald & Platt, Inc.*, 144 Conn. 57, 59, 127 A.2d 76 (1956). Therefore, he should have been allowed to introduce this evidence for the purpose of showing that the defendants were on notice of a dangerous condition on their court floors, regardless of the cause of the slippery condition. The jury reasonably could have concluded that the defendants were on notice of the slippery condition on their courts, and that proper inspection and maintenance could have prevented this dangerous condition.

### III

I conclude that the trial court should have ruled in accordance with the correct legal standard. The plaintiff should have been allowed to introduce the prior slipping accidents evidence to show that the defendants should have known that their floors were not being adequately maintained. In light of the testimony that the plaintiff was injured on a slippery racquetball court,[2] which the

[2] Robert Lampo, a tournament spectator, testified that, immediately after the plaintiff was injured, he entered the court upon which the plaintiff was injured and slipped. The majority states that the trial court rejected this testimony for "lack of probative value . . . ." Because this case was tried to a jury, both the trial court's rejection of this testimony and the majority's reliance thereon are incorrect.

jury could have accepted, the trial court's decision led it to improperly take the case from the jury.

Accordingly, I respectfully dissent.