[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S SECOND SPECIAL DEFENSE
Presently before the court is the plaintiff's motion to strike the defendant's second special defense. The plaintiff filed his motion on the grounds that a waiver eliminating ones own negligence is unconscionable and against public policy. The defendant objected to the motion to strike asserting that its special defense of release and disclaimer is required to be pled as a special defense pursuant to § 10-50 of the rules of practice.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book §10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the [special defense]." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [special defense], construed in favor of the [defendant]. . . ." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "take the facts to be those alleged in the [special defense] . . . and . . . construe the [special defense] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000). Furthermore, "[a] court should be cautious about holding contract provisions unenforceable because of violations of public policy unless the public policy reasons are absolutely clear." Arruda v. Donham and DoverInvestment Properties, Superior Court, judicial district of Hartford-New CT Page 9639 Britain at Hartford, Docket No. 520972 (July 11, 1994, Corradino, J.).
In the present case, the plaintiff alleges he sustained injuries when he slipped and fell at his health club. The defendant responds in its second special defense that "[t]he parties agreed in writing, as part of their mutual undertakings, that the plaintiff expressly releases the defendant from any claim or personal injury which the plaintiff might sustain from use of the gym resulting from the alleged negligence of the defendant." "The Connecticut Supreme Court has not yet ruled upon whether or not a waiver of negligence claims, by an adult participant in an athletic event, can be enforced." Claveloux v. Downtown Racquet ClubAssociates, Superior Court, judicial district of New Haven, Docket No. 291614 (June 25, 1993, Gordon, J.), rev'd on other grounds,44 Conn. App. 691, 691 A.2d 1112, cert. granted, 243 Conn. 917,701 A.2d 327 (1997), rev'd, 246 Conn. 626, 717 A.2d 1205 (1998). However, the Appellate Court held in Burkle v. Car Truck Leasing Co.,1 Conn. App. 54, 56-57, 467 A.2d 1255 (1983), that a hold harmless agreement for "all liability" does not violate public policy. The court reasoned that "[t]he legislature, in specifically outlawing hold harmless agreements in the construction industry, showed an intention that such a practice not be deemed against public policy in other situations, for had the legislature intended to outlaw all such provisions as against public policy, it could have said so." Id., 58.
The plaintiff relies on Quintas v. Fournier, Superior Court, judicial district of New Britain at New Britain, Docket No. 476539 (April 16, 1999, Robinson, J.), and Griffin v. Nationwide Moving Storage Co.,187 Conn. 405, 446 A.2d 799 (1982), in support of his argument that the waiver is against public policy. The facts of those cases are distinguishable from the present action. In Quintas, the plaintiff sought to strike the defendant's special defense where the defendant alleged that there was no privity of contract. The court ruled that privity alone is not a special defense to a claim of negligence and granted the motion to strike. The Griffin case involved goods that were destroyed as a result of the alleged negligence of the defendant bailee. The defendant, as a special defense, relied on a warehouse receipt which it claimed limited its liability. The court held that whether the warehouse receipt limited the defendant's liability was a question of fact. The court inGriffin, therefore, implicitly allowed the pleading of the defendant's special defense.
The public policy reasons allegedly prohibiting waiver of liability are not sufficiently clear to bar the special defense of waiver of liability. Furthermore, the plaintiff here has not provided the court with any authority to support such an argument. Accordingly, the plaintiffs motion to strike the defendant's special defense is hereby CT Page 9640 denied. It is so ordered.
BY THE COURT,
 ANGELO L. dos SANTOS JUDGE OF THE SUPERIOR COURT