BACKGROUND

EAGAN, Judge.
The plaintiff, Luigi Bernardo, filed a complaint alleging that he slipped and fell on ice while walking on the top floor of the parking garage at the Mohegan Sun Casino. The amended complaint contains a new Paragraph 5(j) which alleges that the defendant:
knew or should have known of numerous other incidents in which other patrons were injured as a result of ice or snow accumulation on the top floor of said parking garage, but failed to use reasonable care to prevent injuries to its patrons and, in particular, the plaintiff.
The defendant claims that these allegations of prior incidents are irrelevant to plaintiffs claim of negligence. Based on this assertion, the defendant has asked the court to deny plaintiffs request to file the amended complaint.

DISCUSSION

The Connecticut Supreme Court[1] has repeatedly noted, with approval, that: *579 the Connecticut courts have adopted a liberal approach to the amendment of pleadings. “Our courts have been liberal in permitting amendments....”, Kelley v. Bonney, 221 Conn. 549, 591, 606 A.2d 693 (1992); “Our courts have pursued a liberal policy in allowing amendments.”, Johnson v. Toscano, 144 Conn. 582, 587, 136 A.2d 341 (1957). It is also generally accepted that a trial court has wide discretion in granting or denying the amendment of pleadings. Antonofsky v. Goldberg, 144 Conn. 594, 597-98, 136 A.2d 338 (1957); S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan & King, P.C., 32 Conn.App. 786, 794, 631 A.2d 340 (1993).
Nevertheless, this liberal approach to the amendment of pleadings is not without limitation. Fairness to the opposing party, the extent of any delay, whether the party seeking the amendment has been negligent, are among the factors to be considered in granting or denying an amendment. Johnson v. Toscano, supra at 598, 136 A.2d 341. In the instant case, none of those factors militate against allowing the filing of the amended complaint.
Additionally, it is widely accepted that an amendment to a complaint is permissible “to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same”. Bielaska v. Town of Waterford, 196 Conn. 151, 154, 491 A.2d 1071 (1985); Giglio v. Conn. Light & Power Co., 180 Conn. 230, 239, 429 A.2d 486 (1980); Gallo v. G. Fox & Co., 148 Conn. 327, 330, 170 A.2d 724 (19611. Here, paragraph 5(j), which is the only new allegation contained in the amended complaint, falls squarely within that test.
The defendant argues, however, that there is no policy favoring the filing of an amended complaint when the amendment contains new allegations that are irrelevant to the issues otherwise set forth in the original complaint. Objection To Amended Complaint, p. 2. In support of this argument, the defendant relies on the decisions in Hall v. Burns, 213 Conn. 446, 569 A.2d 10 (1990) and Claveloux v. Downtown Racquet Club Associates, 246 Conn. 626, 717 A.2d 1205 (1998), both of which affirmed the trial court’s exclusion of evidence of prior accidents or occurrences. The defendant concludes that because such evidence was disallowed in Hall and Cla-veloux, the plaintiffs new allegations referring to “other incidents in which other patrons were injured” must similarly be disallowed.
The problem with the defendant’s reasoning is that the issues confronting the Supreme Court in Hall and Claveloux are very different from the issue before this court. In Hall, the issue on appeal was whether the trial court committed error in excluding evidence at trial of a prior accident in a negligence action. The Supreme Court stated that: “In an offer of proof, the plaintiff attempted to establish the similarity of the accidents .”, which proof of similarity the trial court found insufficient. Id,, at 452, 569 A.2d 10. It was this lack of an adequate factual predicate that was the basis for the Supreme Court’s decision upholding the exclusion of the prior accident.
Similarly, in Claveloux, the trial court excluded evidence of prior occurrences based on the plaintiff’s offer of proof at trial. In upholding the trial court’s exclu *580 sion of prior occurrence evidence, the Supreme Court noted that “at trial, the factual basis for establishing similarity was remarkably thin.” Claveloux, at 633, 717 A.2d 1205, and that its decision, in part, “arises out of the scarcity of the factual record with respect to the similarity between the plaintiffs accident and the incident that occurred on a prior day”. Id. at 632, 717 A.2d 1205.
Hall and Claveloux teach that whether prior occurrences are in any way relevant in a negligence action is totally fact depen-dant and, as such, impossible to resolve in the pretrial context of the filing of an amended complaint. Accordingly, the defendant’s objection to the filing of the amended complaint is overruled.

. MTO 95-4, Article III, Section 301(c) provides that “The common law of the state ol *579 Connecticut interpreting the positive law adopted in Section 301(b), above, which body of law is hereby adopted as and declared to be the common law ot the Mohegan Tribe for application by the Gaming Disputes Court, except as such common law is in conflict with Mohegan Tribal Law.”