[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CITY OF WATERBURY (#105) MOTION TO STRIKE
On March 19, 2001, the plaintiff Courtney Ryan Carangelo, filed a complaint against U-Save Auto Rental of America, Inc. (U-Save) and the city of Waterbury (the city). Count one alleges negligence against U-Save. Count two alleges that the city violated General Statutes § 13a-149. Presently before the court is the city's motion CT Page 13468-eb to strike count two of the plaintiff's complaint.
Count two of the plaintiff's complaint alleges the following facts. On January 14, 2001, the plaintiff was traveling on Woodtick Road in Waterbury, Connecticut as a passenger in a car owned by U-Save and operated by Vernon A. Pittman. She sustained injuries when Pittman lost control of the car due to a patch of black ice on the roadway and the car struck a utility pole.
The city filed (#105) motion to strike count two on May 23, 2001, along with a supporting memorandum of law. The plaintiff timely filed an objection. The court heard oral argument and reserved decision.
"Whenever any party wishes to contest. . . the legal sufficiency of the allegations of any complaint. . . or of any one or more counts thereof to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint. . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000).
"[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover. . . [w]hat is necessarily implied [in an allegations need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted" (Citations omitted; internal quotation marks omitted.) Doe v.Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). The court is limited "to a consideration of the facts alleged in the complaint. A "speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996).
The city moves to strike count two of the plaintiff's complaint on the ground that the maintenance and repair of Woodtick Road is the responsibility of the state, not the city, and therefore the city is not subject to a claim pursuant to § 13a-149.
In support of its argument, the city submits an affidavit of Charles Lanza, superintendent of streets for the city, averring that the city is not bound to keep in proper repair the portion of Woodtick Road where the CT Page 13468-ec accident occurred. In opposition, the plaintiff argues that she properly pled a violation of § 13a-149 and that the city's affidavit is not properly considered by the court on a motion to strike.
As stated above, on a motion to strike, the court is limited "to a consideration of the facts alleged in the complaint. A "speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, supra, 38 Conn. App. 364. Accordingly, the court will not consider the affidavit submitted by the city and will only examine the allegations of the plaintiffs complaint to determine if she has properly stated a cause of action.
Section 13a-149[1] provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." The statute requires that no claim based on a defective highway be maintained unless notice of the injury was given to the town clerk or another proper official within ninety days of the injury. See General Statutes § 13a-149. "To prove a breach of statutory duty under [§ 13a-149], the plaintiff must prove by a preponderance of the evidence: (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation marks omitted.) Ormsby v. Frankel, 255 Conn. 670, 675-76, 768 A.2d 441 (2001).
The plaintiff alleges in count two of her complaint that the city was charged with the proper care and maintenance of the area where the injury occurred; (see Complaint, count two, ¶¶ 1, 3); and that a dangerous and defective condition existed in the roadway at the time of the accident as a "patch of very slippery black ice." (Complaint, count two, ¶ 2.) "It is . . . recognized that for purposes of recovery under §13a-149 . . . a highway can be considered defective . . . by reason of ice or snow. . . ." (Internal quotation marks omitted.)Serrano v. Burns. 248 Conn. 419, 426-27,727 A.2d 1276 (1999). She alleges that the city knew or should have known of the icy roadway; (see Complaint, count two, ¶¶ 4, 5d, 5e); and that the city failed to remedy the dangerous condition. (See Complaint, count two, ¶¶ 4, 5b, 5c.) The plaintiff further alleges that at the time of the accident she "was in the exercise of due care." (Complaint, count two ¶ 7.) Finally, the plaintiff CT Page 13468-ed alleges that she gave written notice of her injuries to the town clerk on February 22, 2001, and attached to her complaint a copy of the notice. (See Complaint, count two, ¶ 11; Complaint, Exhibit 1.)
Accordingly, the court finds that the plaintiff alleged sufficient facts to maintain a claim against the city of a violation of § 13a-149.
The city's motion to strike count two is denied.
By the Court,
Joseph W. Doherty, Judge